IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JACQUELYN BERRY,** | : | Case No. |
| 3051 Penton Street | : | |
| Reynoldsburg, OH 43068, | : | Judge |
| | : | |
| Plaintiff, | : | Magistrate Judge |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES POSTAL SERVICE**, | : | |
| c/o U.S. Attorney General William Barr | : | |
| U.S. Dept. of Justice | : | |
| 950 Pennsylvania Avenue, NW | : | |
| Washington, D.C. 20530-0001, | : | |
| | : | |
| -also serve- | : | |
| | : | |
| David M. DeVillers, U.S. Attorney, | : | |
| 303 Marconi Blvd., Suite 200 | : | |
| Columbus, OH 43215, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Jacquelyn Berry ("Plaintiff") and proffers this Complaint for damages against Defendant United States Postal Service ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMWFSA"), R.C. Chapter 4111, and the Ohio Constitution, Oh. Const. Art. II, §34a.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties there, and Defendant are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined by the FLSA, OMFWSA, and the Ohio Constitution.

7. Defendant is the United States Postal Service.

8. At all times relevant herein, Defendant is and has been an "employer" as that term is defined by the FLSA, OMFWSA, and the Ohio Constitution.

9. At all times relevant herein, Defendant has mutually benefitted from the work performed by Plaintiff.

## FACTUAL BACKGROUND

10. Plaintiff is a black and American Indian female born on August 21, 1964.

11. Plaintiff's supervisor was Kelley Harris, a black female ("Harris").

12. Patrick Skip LaRosa ("LaRosa"), who is Harris' supervisor, is a Caucasian male.

13. Postmaster Vaccaro is a Caucasian male ("Vaccaro").

14. Beginning in March 2017 and continuing through today's date, Vaccaro ordered Harris to "take out" Plaintiff's time which exceeded normal hours, in other words, remove her overtime.

15. This Harris' statement was witnessed by Dean Peruzzi.

16. In late October, early November 2017 Harris stated that Vaccaro instructed her to remove Plaintiff's overtime hours for any and all overtime worked. In a meeting with Ms. Feagin and Mr. LaRosa, Ms. Feagin admitted that Vaccaro did instruct Harris to delete my overtime.

17. Again in late October, early November 2017 Michel Brim was meeting with Sheray Magagi regarding the clockring audit for Columbus. In the room with Mr. Brim were Alan Moore, Charles Sanders, Dean Peruzzi and Harris. During that meeting Harris stated that she had been ordered by Vaccaro to delete or remove Plaintiff's overtime and to do so on a continuing basis.

18. In late October early November 2017, Plaintiff noticed her overtime and clock rings were being deleted. For example, on October 10, 2017, Plaintiff was not originally scheduled to work. However, Harris informed Plaintiff that she needed additional assistance and Plaintiff worked on October 10, 2017. On October 10, 2017, Plaintiff used her badge to properly clock in to begin work. Plaintiff clocked in on that morning of October 10 as 6:00 a.m. She clocked out for lunch, clocked back in from lunch and she ended her tour. Plaintiff's times were changed by Harris to reflect different, shorter hours of work.

19. Plaintiff sent an email to LaRosa, stating that her clock rings had been changed and she did not authorize the same. She further stated that a 1260 was not issued. In that email, she indicated to LaRosa that she asked Harris who made the change and she said she did not know. Ms. Harris continued to deleted Plaintiff's clock rings.

20. Ms. Harris never completes a 1260 form as required.

21. In late October 2017 when Plaintiff first noticed this behavior, she was a 204B Supervisor at the time, Plaintiff was responsible for ensuring individuals who worked for her completed their 1260 forms.

22. Approximately 8 weeks ago, Plaintiff was in receipt of all of the deleted clockrings performed by Kelly Harris. Ms. Harris has been deleting Plaintiff's time since March 8, 2017.

23. Following Plaintiff's complaint on October 27, 2017 regarding the deletion of time, LaRosa, Ms. Harris' supervisor and thus Plaintiff's as well, demoted Plaintiff from her position as a 204B Supervisor. LaRosa told Plaintiff he was demoting her because she reported that Vaccaro had ordered Harris to delete her time.

24. LaRosa told Plaintiff he was sending her back to carrying until the investigation was done. When asked if this was a punishment, LaRosa said "'no". Later in the investigation LaRosa stated that Plaintiff was being punished for accusing Harris of fraud.

25. Plaintiff over the past several years has continued to apply and request her position as 204(B) Supervisor.

26. Plaintiff's requests are consistently denied because her investigation into LaRosa's Harris' and Vaccaro's FLSA violations are ongoing

27. Plaintiff has consistently been told that she will not be returned to her 204(B) position until she withdraws her complaints against Defendant for its violations of the FLSA.

28. Plaintiff's assigned routes have gone consistently downhill being assigned to the most grueling routes with no assistance.

29. Plaintiff's overtime continues to be deleted.

## COUNT 1
### (FLSA 29 U.S.C. §201, *et seq* - Failure to Pay Overtime)

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. Plaintiff was an employee of Defendant within the previous three years of the filing of this Complaint.

32. Plaintiff was not exempt from the overtime requirements of the FLSA.

33. Plaintiff's pay did not meet the minimum salary threshold.

34. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

35. Defendant was aware that Plaintiff worked more than 40 hours per week but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per week.

36. Defendant knew of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

37. Defendant's refusal to properly compensate Plaintiff as required by the FLSA was willful.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## COUNT II
### (Retaliation)

39. Plaintiff incorporates all of her allegations set forth above as if fully rewritten herein.

40. Plaintiff was an employee of Defendant within the previous three years of the filing of this Complaint.

41. Plaintiff was not exempt from the overtime requirements of the FLSA.

42. Plaintiff reported Defendant's FLSA violations and was immediately reprimanded and demoted.

43. Plaintiff continued to request reinstatement to her position which has been denied multiple times since November 2017.

44. Defendant has assigned Plaintiff's routes over the past three years which are increasingly more difficult and well known as the "worst" routes.

45. Defendant's behaviors are the direct result of Plaintiff's repot of Defendant's FLSA violations and her continued pursuit of FLSA claims and EEO claims.

46. Defendant has retaliated against Plaintiff in violation of the FLSA multiple times since November 2017 continuing through October 2020.

47. Defendant's retaliation against Plaintiff in violation of the FLSA was willful.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. Declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA ;

B. An award of monetary damages, including unpaid minimum wages and unpaid overtime wages due under the FLSA, OMFWSA, and the Ohio Constitution Art. II, § 34a;

C. An award of liquidated damages and/or treble damages as a result of Defendant's failure to pay overtime and minimum wage compensation pursuant to FLSA, OMFWSA, and the Ohio Constitution Art. II, § 34a;

D. An award of prejudgment and post judgment interest;

E. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

F. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: /s/ Erica Ann Probst
Erica Ann Probst  #0073486
Michael P. Ferguson #0082851
Attorneys for Plaintiff
88 West Mound Street
Columbus, Ohio  43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
MFerguson@ksrlegal.com

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Attorney for Plaintiff

00332063-1